## GOLDBECK *vs.* GOLDBECK.*

1. The evidence in this case *held* not sufficient proof of residence necessary to give the court jurisdiction; neither party residing here at the time of the desertion.

2. Where it is shown that there was no marriage ceremony, proof of cohabitation as man and wife will not prove marriage; it is necessary that a contract, consented to by both parties, should be shown.

3. When a husband upon disagreement with his wife, and her declaring that she will not live with him, assents to her going where she chooses, and furnishes her with money for her support, and never insists as a condition of her support, that she shall perform her duties as a wife, although he asks and entreats her to come back, it has too much the character of a friendly arrangement to be called willful, obstinate, and continued desertion.

*Mr. A. Voorhees,* for complainant.

THE CHANCELLOR.

In this case there is no sufficient proof of three years residence in the state, which is necessary to give the court jurisdiction, when neither party resided here at the time of the desertion. She appears to have gone to Hohokus late in the summer or in the autumn of 1862.

Mary E. Pake says she came there late in the season—boarded there six weeks, and left there in October, 1862. She came to see about board the next spring. If this means that she left Hohokus in October and came back there next spring, there is no residence for three years.

Stewart, station master at Godwinville, says she left there in June, 1865. If he is correct, she could not have resided there for three years. No facts are testified to, to show that she ever resided in New Jersey for three years. Glassy swears that he knows that she did, but does not testify to a single fact to show that he knows it. He is evidently not testifying from personal knowledge.

The evidence of the marriage is not satisfactory. If, by the

---

* CITED *in Driver* v. *Driver,* 1 *Stew.* 398.

law of New York, a contract in *verba de presenti* followed by cohabitation constitutes a marriage, yet there is no proof of such contract. Where it is shown that there was no marriage ceremony, proof of cohabitation as man and wife will not prove marriage; it is necessary that a contract consented to by both parties should be shown.

The desertion in this case is not such as is intended by the act as a ground for divorce. When a husband, upon disagreement with his wife and her declaring that she will not live with him, assents to her going where she chooses, and furnishes her with money for her support, and never insists, as a condition of her support, that she shall perform her duties as a wife, although he asks and entreats her to come back, it has too much the character of a friendly arrangement to be called willful, obstinate, and continued desertion.